# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ROBERTO MARTINEZ, | CASE NO. 1:10-CV-01569-AWI-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| KINGS COUNTY, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN 30 DAYS |

**Screening Order**

**I.     Background**

Plaintiff Luis Roberto Martinez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on August 31, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Complaint

Plaintiff is incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Kings County; CDCR; Anthony Enenmoh, Chief Medical Officer of SATF; L. Schaper, Supervising Registered Nurse; K. Englert, Supervising Registered Nurse; P. Linihan, Supervising Registered Nurse; Martinez, Registered Nurse; Tami Arden, Licensed Vocational Nurse; P. Pascua, Licensed Vocational Nurse; and Doe, a nurse.

Plaintiff alleges the following. Plaintiff is a paraplegic, with loss of function in his legs and some part of his upper body. Plaintiff is wheelchair bound, and requires a change of his foley catheter every three weeks.

On May 4, 2009, Defendant Arden was changing Plaintiff's catheter. She was agitated regarding an incident in the parking lot, and was not paying attention during the procedure. That night, Plaintiff could not sleep due to a severe pain in his back and joints developed from a urinary tract infection ("UTI"). On May 5, 2009, Plaintiff's condition worsened, and he was hospitalized on May 11, 2009. On June 17, 2009, Defendant Arden changed Plaintiff's catheter. Plaintiff's back pain intensified. He was diagnosed with a UTI on June 25, 2009. Plaintiff filed an inmate grievance regarding this on June 30, 2009. On January 11, 2010, Defendants Linihan and Englert denied Plaintiff's appeal at the first level. Plaintiff contends that reprisals were taken against Plaintiff because he filed this grievance, in the form of suffering further UTIs.

On May 26, 2009, Plaintiff's catheter was changed by Defendant Pascua. This did not

result in a UTI.

On August 19, 2009, Plaintiff's catheter was changed by Defendant Pascua, which resulted in urine culture. Plaintiff was placed on antibiotics on September 24, 2009. On January 18, 2010, Plaintiff's catheter was changed by Defendant Pascua. Plaintiff was then taken to medical with chest pain, migraine headaches, and high blood pressure. Plaintiff was diagnosed with a UTI on January 19, 2010. Plaintiff was scheduled for a catheter change on February 9, 2010. However, Defendant Arden informed the tower control officer that Plaintiff was not yet due for a change. Plaintiff's catheter was later changed on February 12, 2010.

On March 5, 2010, Defendant Martinez changed Plaintiff's catheter. On March 17, 2010, Plaintiff was prescribed antibiotics for a UTI. On April 16, 2010, Defendant Doe changed Plaintiff's catheter. She performed the procedure carelessly, shoving the catheter in quickly. Plaintiff suffered severe pain. Plaintiff was finally seen on April 20, 2010 and diagnosed with a UTI.

Plaintiff contends that Defendants Enenmoh, Schaper, Englert, and Linihan, as supervisors, demonstrated a a failure to train and supervise their employees. Plaintiff contends that Kings County and the CDCR are also vicariously liable for Plaintiff suffering six UTIs over eleven months.

Plaintiff requests as relief compensatory damages, and costs of suit.

**III.   Analysis**

    **A.   Eighth Amendment - Medical Care**

Plaintiff contends that because he suffered six UTIs over eleven months, his constitutional rights were violated. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

3

1  The deliberate indifference standard involves an objective and a subjective prong.  First, the
2  alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at
3  834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[]
4  of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

5  "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under
6  this standard, the prison official must not only 'be aware of the facts from which the inference
7  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
8  inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have
9  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
10 matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
11 1188 (9th Cir. 2002)).

12  Here, Plaintiff fails to state a cognizable claim against any Defendants.  Plaintiff fails to
13 allege sufficient facts which indicate that Defendants knew of and disregarded an excessive risk
14 to Plaintiff's health.  Plaintiff's allegations amount at most to negligence.  *See Estelle v. Gamble*,
15 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation
16 merely because the victim is a prisoner."); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)
17 (holding that isolated occurrences of neglect do not constitute deliberate indifference to serious
18 medical needs).

19  **B.      Retaliation**

20  Plaintiff contends that he suffered reprisals because he filed an inmate grievance.  This
21 implicates the First Amendment and retaliation.  Allegations of retaliation against a prisoner's
22 First Amendment rights to speech or to petition the government may support a § 1983 claim.
23 *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Pratt v. Rowland*, 65 F.3d 802, 807
24 (9th Cir. 1995)*; Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989).  "Within the prison
25 context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An
26 assertion that a state actor took some adverse action against an inmate (2) because of (3) that
27 prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
28 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff fails to state a claim. Plaintiff's complaint as currently alleged does not show that Defendants took adverse action against Plaintiff *because of* Plaintiff filing inmate grievances. *See id.*

### C. Supervisory Liability

Plaintiff contends that Defendants Enenmoh, Schaper, Englert, and Linihan failed to train or supervise their employees. The Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor*, 880 F.2d . *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff fails to state a claim against any supervisory Defendants. Plaintiff's allegation that supervisory Defendants failed to train or supervise is conclusory, which is insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949. Plaintiff failed to allege facts which indicate that supervisory Defendants promulgated a constitutionally deficient policy.

### D. CDCR and Kings County

Plaintiff names Kings County and the CDCR as Defendants. Regarding Kings County, Plaintiff fails to state a claim. SATF is not operated by Kings County. Thus, Kings County is

5

not responsible for any policies enacted at SATF. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

Regarding the CDCR, Plaintiff fails to state a claim. The CDCR is a state governmental agency, and the Eleventh Amendment bars suits against state agencies. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## IV. **Conclusion And Order**

Plaintiff's complaint is dismissed for failure to state a claim against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order;

and

3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **April 22, 2011**         /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE