# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ROBERTO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>K. ENGLERT, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01569-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED**<br><br>**ECF No. 16**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

### Findings and Recommendations

**I.   Background**

Plaintiff Luis Roberto Martinez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint for (1) First Amendment retaliation against Defendants Tami Arden, P. Pascua, R. Martinez and V. Ignacio; (2) cruel and unusual punishment in violation of the Eighth Amendment against Defendants Arden, Pascua, Martinez and Ignacio; (3) supervisory liability against Defendants P. Linihan and K. Englert; and (4) medical malpractice against Defendant Arden.

Pending before the Court is Defendants' motion to dismiss, filed February 13, 2012. ECF No. 16. Defendants contend that Plaintiff failed to exhaust administrative remedies as to: (1) First

1

Amendment claims against Arden, Pascua, Martinez, and Ignacio; (2) Eighth Amendment claims against Pascua, Martinez, and Ignacio; and (3) failure to supervise claim against Defendants Linihan and Englert. Defendants also contend that Plaintiff fails to state a claim against Defendant Arden for violation of his rights under the Eighth Amendment.

On March 6, 2012, Plaintiff filed his opposition. ECF No. 20.[1] On March 13, 2012, Defendants filed their reply. ECF No. 22. The matter is submitted pursuant to Local Rule 230(l).

## II.   Summary of First Amended Complaint

Plaintiff alleges the following. Plaintiff is a paraplegic with no function or control from the chest down. Plaintiff is required to have his Foley catheter changed monthly. Plaintiff also has Harrington rods inserted in his thoracic spine. On May 4, 2009, Defendant Arden, a licensed vocational nurse, was performing the procedure. During the procedure, Defendant Arden was agitated while speaking to a correctional officer, and not paying attention to the procedure. On May 5, 2009, Plaintiff went man-down because of a urinary tract infection ("UTI"), and was hospitalized until May 11, 2009. Plaintiff informed Defendant Arden that he would file a complaint, to which Defendant Arden became angry, and placed the blame for the infection on Plaintiff.

On June 17, 2009, Defendant Arden did another procedure, and intentionally caused Plaintiff more harm as he then contracted another UTI. On June 24, 2009, Plaintiff finally received treatment. Defendants are aware that a UTI causes intense pain to Plaintiff's back because of the surgically implanted rods. Plaintiff filed a grievance[2] on June 30, 2009 concerning Defendant Arden's conduct. Defendants Linihan and Englert, supervising registered nurses, were aware of Plaintiff's issues, because Defendant Linihan interviewed Plaintiff on June 20, 2009, and Defendant Arden on July 1, 2009.

Defendant Pascua, licensed vocational nurse, caused Plaintiff pain and suffering for the procedure on August 19, 2009, which was not treated until September 4, 2009, and caused pain and suffering on January 18, 2010. Plaintiff had filed previous complaints against Defendant Pascua and

---

[1] Defendants' motion to dismiss for failure to exhaust administrative remedies was served without a concurrent notice pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), as required by the recent holding in *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012). On July 19, 2012, the Court issued the *Wyatt* notice to Plaintiff and provided Plaintiff the option of either filing an amended opposition or to proceed with his currently filed opposition. On August 9, 2012, Plaintiff notified the Court that he will not file an amended opposition. ECF No. 28.

[2] The terms "grievance" and "appeal" are used interchangeably when discussing the prison grievance system.

contends that the pain he suffered was reprisals.

On March 5, 2010, Defendant R. Martinez, a registered nurse, caused more pain and suffering by intentionally causing another UTI. Plaintiff was not treated until March 17, 2010. On several occasions, Defendant Martinez intentionally delayed procedures when Plaintiff's catheter clogged up, and he was later diagnosed with staph infection. Dr. Kokor ordered that Plaintiff receive daily dressing changes, but because of reprisals, she missed over 12 days of dressing changes.

On April 16, 2010, Defendant V. Ignacio, registered nurse, deliberately caused more pain and suffering. Before the procedure began, Plaintiff told Defendant Ignacio that Dr. Kokor told Plaintiff to remind Defendant Ignacio to put the catheter in slow because something in Plaintiff's bladder triggers Plaintiff's blood pressure to go high. Defendant Ignacio instead shoved the catheter into the urethra fast. Plaintiff reminded her to stop going any further. Plaintiff was seen on April 20, 2010 and given antibiotics. All procedures were conducted in the facility C yard clinic.

Plaintiff contends that Defendants Arden, Ignacio, Martinez, and Pascua retaliated against Plaintiff for filing inmate grievances; Defendants Arden, Ignacio, Martinez, and Pascua violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference to a serious medical need; Defendants Englert and Linihan violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference by failing to supervise or train staff after becoming aware of subordinate violations; and Defendant Arden committed gross negligence, construed as medical malpractice, against Plaintiff on May 4, 2009.

## III. Exhaustion of Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*,

532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B.     Discussion**

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). At the time of the events in question, the process was initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not always require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

1    Defendants contend that Plaintiff failed to exhaust administrative remedies before filing his
2  complaint with respect to Plaintiff's: 1) First Amendment retaliation claim against Arden, Pascua,
3  Martinez, and Ignacio; 2) Eighth Amendment cruel and unusual punishment claim against Pascua,
4  Martinez, and Ignacio; and (3) supervisory liability claim against Linihan and Englert. Defs.' Mot.
5  Dismiss 5:9-6:14. Defendants contend that Plaintiff exhausted inmate grievance No. SATF-33-09-
6  14090, which complained of Defendant Arden's conduct on May 4, 2009 and June 17, 2009. *Id.*;
7  Defs.' Ex. A, grievance No. SATF-33-09-14090. Defendants contend the appeal does not suggest
8  that Defendant Arden acted because of any First Amendment conduct by Plaintiff, and thus did not
9  exhaust administrative remedies as to a First Amendment claim of retaliation. Defs.' Mot. Dismiss
10 5:18-20.

11   With regards to Defendants Englert and Linihan, Plaintiff had complained that Defendants
12 failed to supervise and train medical staff after being notified regarding Defendant Arden. *Id.* at
13 5:26-6:4. Defendants contend that their alleged misconduct occurred after Plaintiff had filed the
14 inmate grievance. *Id.* Thus, Defendants contend that Plaintiff did not exhaust administrative
15 remedies against Defendants Englert and Linihan.

16   With regards to Defendants Pascua, Martinez, and Ignacio, Defendants contend that the
17 alleged claims against them occurred on August 19, 2009, January 19, 2010, March 5, 2010, and
18 April 16, 2010, all of which occurred after the incident complained of in grievance No. SATF-33-09-
19 14090. *Id.* at 6:5-10. Defendants contend that Plaintiff failed to exhaust administrative remedies as
20 to his claims against Defendants Pascua, Martinez, and Ignacio. *Id.*

21   Defendants include with their motion a declaration from L. D. Zamora, Chief of the Office of
22 Third Level Appeals-Health Care. Zamora declares that between May 4, 2009, when the first
23 incident in this action occurred, and August 31, 2010, when this action was initiated, Plaintiff filed
24 one appeal that reached the third level of review, SATF-33-09-14090. Zamora Decl. ¶ 5.

25   Based on the submitted documents, the Court finds that Defendants have met their initial
26 burden of demonstrating that Plaintiff failed to exhausts administrative remedies. Inmate grievance
27 No. SATF-33-09-14090 complained of Defendant Arden's changing of his catheter on May 4, 2009
28 and June 17, 2009. Defs.' Mot. Dismiss, Ex. A. There is no mention of any issues with regards to

5

Defendant Arden taking adverse action against Plaintiff because he engaged in First Amendment activities. The primary purpose of a grievance is to notify the prison of a problem. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (grievance must alert prison officials to the nature of the wrong for which redress is sought). Because grievance No. SATF-33-09-14090 does not notify prison officials of Defendant Arden acting in conduct that could be construed as retaliation for Plaintiff engaging in First Amendment activity, it does not exhaust administrative remedies as to a First Amendment claim against Defendant Arden.

Defendants have also met their initial burden with regards to Plaintiff failing to exhaust administrative remedies as to Defendants Linihan, Englert, Pascua, Martinez, and Ignacio. All of Plaintiff's claims against these Defendants occurred after Plaintiff had submitted grievance No. SATF-33-09-14090. Plaintiff is required to comply with the inmate grievance procedure of CDCR prior to filing suit. *Ngo*, 548 U.S. at 85-86. The inmate grievance procedure required that appeals be submitted within fifteen working days of the event being appealed. Cal. Code Regs., tit. 15, § 3084.6(c) (2010). Thus, prison officials would not generally be notified of problems for incidents that happened after the incident that was raised in the grievance. Thus, the burden shifts to Plaintiff to demonstrate that he exhausted all available administrative remedies.

Plaintiff contends that he did exhaust administrative remedies. Plaintiff contends that he submitted inmate grievance No. IA-33-2010-12212 on May 6, 2010, which was screened and rejected as a duplicate to grievance No. SATF-33-09-14090. Pl.'s Opp'n 8:13-15. Plaintiff contends that on July 15, 2010, Plaintiff submitted an additional appeal, No. IA-33-2010-13445, which was also screened and rejected as a duplicate. *Id.* at 8:15-23. Plaintiff contends that both appeals stated Plaintiff's sufferings because of cumulative reprisals. Plaintiff thus contends that because of prison officials at SATF, Plaintiff has exhausted all available administrative remedies. Plaintiff submits the two screened out appeals as Exhibits 2 and 3.[3]

Defendants contend that Plaintiff was provided an explanation as to why those appeals were screened out, and also provided instructions as to how to re-submit the screened out appeals. Defs.'

---

[3] Plaintiff does not address Defendants' contention that grievance No. SATF-33-09-14090 did not exhaust administrative remedies as to his First Amendment claim against Defendant Arden. Thus, Defendants have met their burden and the Court finds that Plaintiff failed to exhaust administrative remedies as to that claim.

6

1 Reply 2:22-3:13. Plaintiff did resubmit IA-33-2010-13445, and it was accepted as grievance No.
2 SATF-33-10-13445. *Id.* However, grievance No. SATF-33-10-13445 was not exhausted at the third
3 level of review until March 28, 2011. *Id.*; Defs.' Mot. Dismiss, Zamora Decl. ¶ 9. Plaintiff initiated
4 this action on August 31, 2010, before grievance No. SATF-33-10-13445 was exhausted. Pl.'s
5 Compl., filed Aug. 31, 2010, ECF. No. 1.

6 The Court finds that Plaintiff did not exhaust administrative remedies as to his claims against
7 Defendants Linihan, Englert, Pascua, Martinez, and Ignacio. The grievance concerning their alleged
8 conduct was not exhausted prior to the initiation of this action. As stated previously, California state
9 prisoners are required to use this process to exhaust their claims prior to filing suit. *Ngo*, 548 U.S. at
10 85-86. Administrative remedies as to these claims remained available for Plaintiff to pursue.
11 Accordingly, Plaintiff's First Amendment claims, Eighth Amendment claims against Defendants
12 Pascua, Martinez, and Ignacio, and supervisory claims against Defendants Linihan and Englert
13 should all be dismissed without prejudice. *Wyat*t, 315 F.3d at 1119-20.

14 **IV.   Failure to State a Claim**

15 Defendants also contend that Plaintiff fails to state a claim against Defendant Arden for
16 deliberate indifference to a serious medical need in violation of the Eighth Amendment and medical
17 malpractice.

18      **A.   Legal Standard**

19 "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California*
20 *Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for
21 failure to state a claim, the court must accept as true the allegations of the complaint in question,
22 *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the
23 light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.
24 *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The federal system is one of notice pleading.
25 *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

26 A complaint must contain "a short and plain statement of the claim showing that the pleader
27 is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
28 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**B.  Discussion**

Defendants contend that Plaintiff has failed to state a claim that Defendant Arden acted with deliberate indifference. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

As to the May 4, 2009 incident, Defendants contend that Plaintiff's claims fail to rise to the level of deliberate indifference because Plaintiff fails to allege facts which demonstrate that Defendant Arden knew of and disregarded a serious medical need. Based on the allegations, Defendant Arden was distracted while performing the catheter procedure. That allegation rises at most to negligence. There are no allegations which indicate that Defendant Arden was aware that

her actions would place Plaintiff at an excessive risk of harm to his health. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

As to the June 17, 2009 incident, Plaintiff alleged that Defendant Arden was angry with Plaintiff after he said that he would file a complaint, and that she intentionally caused him to suffer another UTI. Defendants contend that Plaintiff has not alleged how Defendant Arden caused him a UTI, and that his allegation amounts at most to a legal conclusion. Defs.' Reply 4:9-15.

The Court also finds that Plaintiff fails to state an Eighth Amendment claim for the June 17, 2009 incident. Plaintiff's allegation, while possible, is not sufficient to be plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 55 U.S. at 556) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (citation omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff has not pled sufficient facts that demonstrate Defendant Arden knew of and disregarded an excessive risk of serious harm to Plaintiff's health. An allegation that Defendant Arden was angry with Plaintiff is not sufficient to demonstrate that she acted with deliberate indifference.

### C. State Law Claim

Defendants also contend that Plaintiff fails to state a claim for medical malpractice on May 4, 2009. Statutes enacted under the California Government Claims Act established the conditions under which a plaintiff may sue a public entity or employee. *Williams v. Horvath*, 16 Cal. 3d 834, 838 (1976). "[T]he intent of the act is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." *Id.* A claim filed with the Board in accordance with the provisions of the Government Claims Act is a condition precedent to filing any lawsuit for damages against the State or its employees. Cal. Gov't Code §§ 911.2, 945.4, 950.2. If a civil complaint does not affirmatively allege compliance with the claim presentation requirements, or allege facts showing that applicability of recognized exception

or excuse for noncompliance, it must be dismissed. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1242-43 (2003); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988). As a result, the failure to allege facts demonstrating or excusing compliance with the claim filing requirements subjects a complaint to general demurrer for failure to state facts sufficient to constitute a cause of action. *Bodde*, 31 Cal. 4th at 1243.

Defendants contend that Plaintiff failed to allege facts showing or excusing compliance with the claim presentation requirements of the Government Claims Act. A review of Plaintiff's first amended complaint indicates that Plaintiff has not alleged facts showing that he complied.[4] Accordingly, Plaintiff's state law claim should be denied for failure to state a claim.[5]

### D.    Leave to Amend

Leave to amend should be freely given as justice so requires. Fed. R. Civ. P. 15(a). Currently pending before the Court is a motion to amend Plaintiff's first amended complaint and his proposed second amended complaint. If the district judge should adopt these Findings and Recommendations, the undersigned will grant Plaintiff's motion to amend his complaint and will then screen the proposed second amended complaint pursuant to 28 U.S.C. § 1915A(a). To the extent that Plaintiff raises claims which have been found to be unexhausted, the Court will not screen the unexhausted claims.

### V.    Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Defendants' motion to dismiss for failure to exhaust administrative remedies, filed February 13, 2012, be granted;

2.   First Amendment claims against Arden, Pascua, Martinez, and Ignacio; Eighth Amendment claims against Pascua, Martinez, and Ignacio; and failure to supervise claim against Defendants Linihan and Englert be dismissed without prejudice for

---

[4] Plaintiff in his opposition attaches Exhibit 1, a letter from the Victim Compensation and Government Claims Board, dated February 25, 2010. Plaintiff contends that this letter demonstrates that Plaintiff has properly complied. Defendants contend that the letter indicates that the claim did not encompass the May 4, 2009 incident. Defendants include Exhibit B, Plaintiff's claim submitted to the Victim Compensation and Government Claims Board. Defs.' Reply, Ex. B. The document indicates that Plaintiff listed only the incident that occurred on June 17, 2009. Thus, even if Plaintiff had pled compliance, the documents submitted indicate otherwise.

[5] Because Plaintiff failed to state any federal claims, the undersigned would also recommend that supplemental jurisdiction be declined for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), when the district court had dismissed all claims over which it had original jurisdiction.

failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

3. Defendants Pascua, Martinez, Ignacio, Linihan, and Englert be dismissed from this action;

4. Defendants' motion to dismiss for failure to state a claim, filed February 13, 2012, be granted;

5. Plaintiff's Eighth Amendment claim and medical malpractice claim against Defendant Arden be dismissed for failure to state a claim; and

6. Plaintiff be granted leave to file a second amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 24, 2012**   /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE