# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ROBERTO MARTINEZ, | CASE NO. 1:10-cv-01569-AWI-DLB PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |
| v. | |
| KINGS COUNTY, et al., | |
| Defendants. | ECF Numbers #16, #26, and #29 |
| / | |

Plaintiff Luis Roberto Martinez ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 13, 2012, Defendants Arden, Englert, Igancio, Linihan, Martinez, and Pascua filed a motion to dismiss. ECF No. 16. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 24, 2012, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations on September 19, 2012. ECF No. 32.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. The Court provides the

following additional analysis to address Plaintiff's objections.

### A.    Exhaustion of Administrative Remedies

Plaintiff contends that he submitted inmate grievance SATF 33-10-14090 regarding his medical issues. Plaintiff specifically requested no reprisal from medical staff for filing the grievance. After several reprisals, Plaintiff then submitted a separate appeal, IA-33-2010-12212. On May 11, 2010, the appeal was screened out as duplicative, with further instruction that, "original already completed. If dissatisfied with response, then you may re-submit that appeal for next level review." Plaintiff contends that he then resubmitted his original appeal to the next level. Plaintiff did not contest this appeal.

Plaintiff later submitted IA-33-2010-13445 on July 15, 2010, complaining of alleged reprisals by medical staff, which was again screened out for the reasons stated on July 19, 2010. Plaintiff then challenged this screen out on July 21, 2010. This appeal was accepted as SATF-33-10-13445. The appeal, however, was not exhausted until March 28, 2011. The Magistrate Judge concluded that Plaintiff's claims against Defendants Linihan, Englert, Pascua, Martinez, and Ignacio, which were encompassed in grievance No. SATF-33-10-13445, was not exhausted until after the initiation of this action.

Plaintiff contends that prison officials frustrated his ability to exhaust administrative remedies. Plaintiff contends that prison officials screening out as duplicative IA-33-2010-12212 and IA-2010-13445 provided misinformation as to how to challenge the screen out. Plaintiff appears to rest his argument on the comment in the screen out order, which stated that "If dissatisfied with response then you may re-submit that appeal [SATF-33-09-14090] for next level review." Thus, Plaintiff contends that he was mislead to believe that submitting SATF-33-09-14090 would exhaust administrative remedies as to his new claims arising afterwards. However, Plaintiff was also informed that, "This screening action may not be appealed unless you allege that the above reason(s) is inaccurate. In such case, return this form and your appeal to the Health Care Appeals Office with the necessary information." Thus, Plaintiff was told that if Plaintiff believed that the reason for screen out (that it was a duplicate appeal) was incorrect, Plaintiff should return the form and the appeal to the appeals office with further information.

Plaintiff contends that he was mislead and that he has a below 4.0 T.A.B.E.[1] However, based on Plaintiff's submissions to the Court, he possesses sufficient intellect to read and comprehend the arguments presented. Thus, the Court is not persuaded that Plaintiff was mislead. Additionally, Plaintiff did appeal his second screened-out grievance, IA-33-2010-13445, which prison officials accepted as appeal No. SATF-33-10-13445.

The district court cases cited by Plaintiff are unpersuasive. Those cases were decided prior to the Ninth Circuit's holding in *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010). In *Sapp*, inmate plaintiff sought medical care, but the plaintiff's inmate grievances were repeatedly screened out. *Id.* at 826. The Court found that exhaustion "might also be excused where repeated rejections of an inmate's grievances at the screening stage give rise to a reasonable good faith belief that administrative remedies are effectively unavailable." *Id.* However, the Court did not find in favor of the plaintiff, because he "could have no reasonable belief that administrative remedies were effectively unavailable. [Defendant] specifically instructed [plaintiff] on how to seek medical care, and how to appeal any denial of care, but [plaintiff] did not follow those instructions." Likewise, Plaintiff could not have a reasonable belief that administrative remedies were effectively unavailable, as he was instructed on the method of how to appeal a screen out that he believed to be improper.

Plaintiff also complains that prison officials failed to comply with their own time limits with regards to the processing of SATF-33-10-13445, as they did not respond until October 7, 2010. However, Plaintiff's argument is unavailing. Plaintiff did not give prison officials an opportunity to respond to his inmate appeal prior to filing this action. Plaintiff challenged the second screen out, which was subsequently accepted.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed August 24, 2012, is adopted in full;
2. Defendants' motion to dismiss for failure to exhaust administrative remedies, filed February 13, 2012, is granted;
3. First Amendment claims against Defendants Arden, Pascua, Martinez, and Ignacio;

---

[1] T.A.B.E. refers to "Tests of Adult Basic Education."

        Eighth Amendment claims against Defendants Pascua, Martinez, and Ignacio; and failure to supervise claim against Defendants Linihan and Englert are dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

4. Defendants Pascua, Martinez, Ignacio, Linihan, and Englert are dismissed from this action;

5. Defendants' motion to dismiss for failure to state a claim, filed February 13, 2012, is granted;

6. Plaintiff's Eighth Amendment claim and medical malpractice claim against Defendant Arden are dismissed for failure to state a claim; and

7. Plaintiff is granted leave to file a second amended complaint within thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   March 20, 2013

                                               SENIOR  DISTRICT  JUDGE